**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0848-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LUIS A. PEREZ,

     Defendant-Appellant.

_____

          Submitted December 10, 2019 – Decided January 9, 2020

          Before Judges Yannotti and Firko.

          On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 12-12-2900.

          Joseph E. Krakora, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

          Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (John Joseph Lafferty, IV, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Luis A. Perez appeals from a July 30, 2018 order denying his petition for post-conviction relief (PCR). We affirm.

I.

Defendant was indicted for first-degree murder, N.J.S.A. 2C:11-3(a)(1)(2); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b). He pled guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1).

Defendant filed a motion to withdraw his plea, arguing that the discovery showed he had a colorable claim of self-defense. The trial court denied defendant's motion to withdraw his plea, and sentenced him to eighteen years of imprisonment, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant filed a direct appeal. We affirmed the denial of the motion to withdraw the plea and the sentence imposed. State v. Perez, No. A-5903-13 (App. Div. Mar. 10, 2015) (slip op. at 1).

Thereafter, defendant filed a PCR petition, which the PCR court denied, without conducting an evidentiary hearing. We affirmed denial of the PCR. State v. Perez, No. A-5274-15 (App. Div. July 24, 2017). However, the Supreme Court remanded the matter to the trial court for an evidentiary hearing. State v.

Perez, 231 N.J. 423 (2017). The facts underlying defendant's conviction are set forth in our opinion and need not be repeated here.

In his petition, defendant challenged the effectiveness of his trial counsel, Mary Linehan, and argued that as a result of her failure to review late discovery with him, he was unaware of a potential self-defense claim. The discovery revealed the victim was a violent man who went to defendant's home to continue a dispute they had. Prior to the shooting, the victim "tussled" with defendant, in view of the State's witnesses. The victim appeared intoxicated to defendant and chased him. Based on this discovery, defendant argued he had a valid self-defense claim. He also argued Linehan's decision to forego a Wade[1] hearing resulted in prejudice to him.

Defendant claimed that Stephen Funk, who argued defendant's motion to withdraw his guilty plea and represented him at sentencing, was ineffective for failing to supplement Linehan's motion to withdraw defendant's guilty plea with a toxicology report showing the victim was under the influence when he was murdered. Defendant further contended his due process rights were violated.

---

[1] United States v. Wade, 388 U.S. 218 (1967).

A-0848-18T4

Defendant asserts he would not have entered into the plea agreement had the contents of this discovery been explained to him. At the hearing, the PCR court heard testimony from Linehan and Funk. Defendant also testified.

At the hearing, defendant testified that he did not see or speak to the victim on the day he was murdered. The PCR court found Linehan and Funk were credible, and defendant was not. The PCR court made the following findings:

> Linehan assisted [defendant] in his plea after reviewing all the discovery with him. Further, the documents provided to [defendant] the day he pleaded guilty offered no new evidence which would have encouraged him not to plead or changed trial strategy. Additionally, Linehan's strategic decision to forego the [Wade] hearing was not so likely to prejudice the accused that it is tantamount to a complete denial of counsel as a [Wade] hearing was likely to have been fruitless. Funk's decision not to supplement his motion to withdraw [defendant's] guilty plea was a strategic decision that was not so likely to prejudice the accused that it is tantamount to a complete denial of counsel. Furthermore, the toxicology report would not have altered the outcome of [defendant's] motion. As such, both Linehan's and Funk's strategic decisions and performance were not so deficient or faulty so as to result in actions or omissions that were tantamount to a complete denial of counsel.

Defendant presents the following issue for our consideration in his appeal.

POINT I

THE PCR COURT ERRED IN DENYING MR. PEREZ'S CLAIM THAT TRIAL COUNSEL WAS

4

INEFFECTIVE FOR FAILING TO REVIEW LATE-
PROVIDED DISCOVERY WITH HIM.

We are not persuaded by defendant's argument and affirm.

II.

In challenging the effectiveness of his counsel, defendant argues that, as a result of his attorney's failure to review discovery provided on the eve of trial with him, he was unaware of a self-defense claim. Defendant asserted that instead of entering a guilty plea, he would have proceeded to trial.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

A-0848-18T4

It is well established that the <u>Strickland</u> standard applies to claims of ineffective assistance of counsel associated with a guilty plea. <u>State v. Gaitan</u>, 209 N.J. 339, 350-51 (2012) (citing <u>Hill v. Lockhart</u>, 474 U.S. 52, 57 (1985)). To establish the prejudice prong under <u>Strickland</u> in the context of a plea, a defendant must establish that "there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial." <u>Id.</u> at 351 (quoting <u>State v. Nuñez-Valdez</u>, 200 N.J. 129, 139 2009). A defendant must show that it would have been rational to reject the plea offer and insist on going to trial, and, that "he probably would have done so . . . ." <u>State v. Maldon</u>, 422 N.J. Super. 475, 486 (App. Div. 2011).

A petitioner seeking PCR bears the burden of establishing by a preponderance of the evidence that he is entitled to relief. <u>State v. Mitchell</u>, 126 N.J. 565, 579 (1992). "To sustain that burden, specific facts must be alleged and articulated, which, if believed, would provide the court with an adequate basis on which to rest its decision." <u>Ibid.</u>

However, in arguing that his counsel failed to review discovery with him, defendant has not identified any information that would have led to a different result had the case been tried. Here, the PCR court concluded that Linehan did not risk having defendant plead guilty before reviewing the discovery herself

6

A-0848-18T4

and with defendant. We defer to the PCR court's factual findings where an evidentiary hearing was conducted. State v. Nash, 212 N.J. 518, 540 (2013). The lack of specificity in defendant's arguments and proofs at the evidentiary hearing precludes any determination that either prong of the Strickland/Fritz test has been satisfied, and therefore, cannot provide a basis for relief.

In this case, as the PCR court observed, the discovery in contention was merely investigation notes prepared by law enforcement officers, which were later memorialized into police reports. Defendant failed to show how the information contained in these notes was different from what he already reviewed in the police reports. Therefore, no prejudice has been demonstrated. Moreover, defendant did not cite to anything in the investigation notes that would have convinced him to proceed to trial instead of pleading guilty. The PCR court found defendant was "evasive" and that his "version of events were internally inconsistent." The PCR court's findings were based upon sufficient credible evidence in the record. Therefore, we discern no error in the PCR court's conclusion that a Wade hearing would have been "fruitless."

Based upon our careful review of the record, the PCR court aptly found Funk's decision not to supplement the motion to withdraw the guilty plea with the toxicology report would not have changed the outcome of the motion.

A-0848-18T4

We are satisfied from our review of the record that defendant failed to establish ineffectiveness of trial counsel.  Accordingly, the PCR court correctly denied his application for PCR relief.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0848-18T4